United States Court of Appeals,

Eleventh Circuit.

No. 94-6663.

David WALLACE, Petitioner-Appellant,

v.

Jim MORRISON, Respondent-Appellee.

July 17, 1996.

Appeal from the United States District Court for the Southern District of Alabama. (No. 90-0904-CB-S), Charles R. Butler, Jr., Chief Judge.

Before ANDERSON and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

In this case we hold that dual motivation analysis[1] determines whether a prosecutor violates a defendant's equal protection rights under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), when the prosecutor considers both race and race-neutral factors in exercising a peremptory strike.

## I. FACTS AND PROCEDURAL BACKGROUND

In this 28 U.S.C. § 2254 petition, David L. Wallace challenges his conviction in the Circuit Court of Mobile County, Alabama, for attempted murder and robbery. He is currently serving a life sentence without the possibility of parole. Wallace asserts that the prosecutor violated his rights under the Equal Protection Clause by exercising the State's peremptory strikes in a racially discriminatory manner. *See Batson v. Kentucky,* 476 U.S. 79, 106

---

[1]*See Village of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 270-71 n. 21, 97 S.Ct. 555, 566 n. 21, 50 L.Ed.2d 450 (1977); *Mt. Healthy Sch. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977).

S.Ct. 1712, 90 L.Ed.2d 69.

The trial transcript reveals the following facts. Wallace's attorney moved for a mistrial at the conclusion of jury selection, arguing that the prosecution had used its peremptory strikes in a racially discriminatory manner by striking seven of the nine black jurors on the venire.[2] The trial judge did not explicitly find that Wallace had met his burden of establishing a prima facie case of purposeful discrimination under *Batson. See id.* at 96-98, 106 S.Ct. at 1723-24 (describing each party's burden in determining whether there was constitutional violation). Still, the court asked the prosecutor to explain how he decided to strike the black jurors. The prosecutor offered various reasons for striking the black jurors that he peremptorily challenged. Wallace's attorney argued that the prosecutor's explanation of his strikes was not credible.

The trial judge then asked the prosecutor, "[D]id you consider race in striking these ones that you struck, the black ones you struck?" (Resp't's Ex. 1 at R-35.) The prosecutor responded:

> Judge, my rating system basically consists of—I go through. I put a numerical figure of one to ten on the juror based on a gut reaction. Then I adjust that figure based on the answers that they give to certain questions. And I also make notes in red as to what some of those answers are. I then go down the list and indicate here, based on some of the responses to questions in their answer to the voir dire, whether I feel like they would be a State's juror or a defense juror. Just basically on their demeanor, the way they answer questions, and the answers to those questions. *In this case, I basically went with the numbers that I had down* and I struck those people that I felt would be most inclined to lean toward the defense. *It was not based on race. Race was a factor that I considered just as I considered age, just as I*

---

[2]The defense struck one black juror, and one black juror was seated on the jury that convicted Wallace.

*considered their place of employment and so on and so forth.* (*Id.*) (emphasis added.)

After asking the prosecutor what procedure other judges were using to address *Batson* objections,[3] the judge asked the prosecutor, "So, all other things being neutral where there is in this case black defendants, did the black jurors tend to get a lower score by virtue of their being black?" (*Id.* at R-36.) The prosecutor responded, "No, sir, Judge. The [black] juror struck by the defense, I intended to leave him on." (*Id.*) The judge then heard more argument about *Batson* 's requirements and denied the motion for a mistrial.

On direct appeal of his conviction, Wallace argued, among other things, that the trial court erred in denying the motion for a mistrial under *Batson.* The Alabama Court of Criminal Appeals affirmed Wallace's conviction, finding that the prosecution had met its burden to produce race-neutral explanations for its strikes. *Wallace v. State,* 530 So.2d 849, 852 (Ala.Crim.App.1987). The Alabama Supreme Court denied Wallace's petition for a writ of certiorari. Three justices dissented, concerned about whether the procedure used to address the *Batson* challenge complied with a state supreme court decision. *Ex parte Wallace,* 530 So.2d 861 (Ala.1988). Wallace's collateral attacks on his conviction also were rejected by the state courts.

The district court denied Wallace's § 2254 petition. Noting that the prosecutor admitted to the trial judge that race was a

---

[3]*Batson* was decided less than two months before Wallace's trial.

factor in using the peremptory strikes, the district court examined the extent to which *Batson* restricts the use of race as a rationale for the exercise of peremptory strikes. The court agreed with the Second Circuit's analysis and holding in *Howard v. Senkowski,* 986 F.2d 24 (2nd Cir.1993), that dual motivation analysis should apply to *Batson* challenges just as it applies in other areas of the law when actions are based on both permissible and unconstitutional motivations. Applying dual motivation analysis, the district court found that the prosecutor would have struck the black jurors at Wallace's trial solely for legitimate, race-neutral reasons. Thus, the court held that the State did not violate Wallace's rights under *Batson.*

## II. ISSUES ON APPEAL

Three issues have been raised on this appeal: (1) whether a prosecutor's admission that race was "a factor" in the exercise of peremptory strikes establishes a *Batson* violation regardless of what other factors motivated the strikes; (2) whether dual motivation analysis applies to *Batson* claims when peremptory strikes are based in part on race and in part on legitimate, non-racial factors; and (3) whether the district court erred in concluding that the prosecutor satisfied his burden under dual motivation analysis.

## III. CONTENTIONS OF THE PARTIES

Wallace contends that the district court erred in applying dual motivation analysis to his *Batson* claim. He argues that *Batson* precludes any consideration of race when exercising peremptory strikes. The State concedes that race was a factor in

the prosecutor's use of peremptory strikes but nevertheless argues that *Batson* was not violated. The State contends that dual motivation analysis is the proper standard for determining whether there has been a *Batson* violation and that the district court correctly found that the prosecutor would have struck the same jurors even in the absence of his admitted racial considerations.

## IV. DISCUSSION

We begin our analysis with the undisputed fact that the prosecutor admitted to the trial judge that race was a factor that he considered in exercising the State's peremptory challenges.[4] Wallace urges that this admission, by itself, establishes a *Batson* violation. The Second Circuit has rejected substantially the same contention. *Howard,* 986 F.2d at 26-28. Like the district court, we are persuaded by the Second Circuit's thorough and well-reasoned analysis of the issue. As the Second Circuit explained, "the acknowledgment that race was part of the prosecutor's motivation, or even a finding to that effect unaided by acknowledgment, is not inconsistent with the existence of some other race-neutral explanation for the prosecutor's action. A person may act for more than one reason." *Id.* at 26.

In this case, while race was "a factor," the prosecutor

---

[4]The state trial judge made no findings as to the role of racial considerations in the prosecution's exercise of its peremptory strikes. The trial transcript reveals that the trial judge found the prosecutor's explanations to be credible and, without explaining the significance of those explanations to his reasoning, held that there was no *Batson* violation. The Alabama Court of Criminal Appeals did not discuss the prosecutor's admission that race was a factor. It simply held that the prosecutor's proffered reason for each strike was race-neutral and, on that basis, found no *Batson* violation.

exercised his peremptory challenges for more than one reason. In denying the motion for a mistrial, the trial judge implicitly found that the prosecutor had advanced race-neutral reasons for his peremptory strikes. The state appellate court explicitly found that the prosecutor's proffered reasons were race-neutral. And, on this § 2254 petition, the district court reached the same conclusion after carefully examining the transcript of each of the prosecutor's explanations.[5] We accord deference to this factual determination of the state courts and the district court. *See Hernandez v. New York,* 500 U.S. 352, 362-66, 111 S.Ct. 1859, 1868-69, 114 L.Ed.2d 395 (1991) (plurality opinion) (holding that clearly erroneous standard of review governs review of trial judge's findings on *Batson* claims because they turn largely on credibility); *Spaziano v. Singletary,* 36 F.3d 1028, 1032 (11th Cir.1994) (holding that clearly erroneous standard of review governs district court's factual findings based on state record, documentary evidence, and inferences from other facts). We have reviewed the record and cannot say that the determination that the prosecutor had race-neutral reasons for his strikes is clearly erroneous.[6]

Our inquiry does not end, however, with the finding that the prosecutor had race-neutral reasons for his strikes. We must decide whether the prosecutor violated *Batson* when he considered

---

[5]No evidentiary hearing was held on Wallace's § 2254 petition. Wallace does not contend on appeal that the district court erred in declining to hold an evidentiary hearing.

[6]For this reason, we reject Wallace's contention that the prosecutor's proffered explanations were not race-neutral.

race along with the race-neutral reasons for each strike. This is an issue of first impression in this circuit. The Second Circuit has held that dual motivation analysis determines whether a strike exercised for both racial and race-neutral reasons violates *Batson.* *Howard,* 986 F.2d at 30. *Accord United States v. Darden,* 70 F.3d 1507, 1531 (8th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 1449, 134 L.Ed.2d 569 (1996); *Jones v. Plaster,* 57 F.3d 417, 421 (4th Cir.1995).

We agree with the Second Circuit that dual motivation analysis applies to *Batson* claims. Under dual motivation analysis, after the party raising the *Batson* claim has established a prima facie case that discrimination was a substantial part of the motivation for a strike,[7] the party who exercised the strike may raise the affirmative defense that the strike would have been exercised solely for race-neutral reasons. *Howard,* 986 F.2d at 30. The party accused of discrimination bears the burden of showing by a preponderance of the evidence that the strike would have been exercised in the absence of any discriminatory motivation. *Plaster,* 57 F.3d at 421.

The district court found that, although the trial court did not explicitly apply dual motivation analysis to Wallace's *Batson* claim, the trial court asked and decided the dispositive question in dual-motivation analysis: would the prosecutor have exercised each challenged peremptory strike solely for his proffered race-neutral reasons? The trial judge asked whether "black jurors

---

[7]In this case, the State seems to concede that a prima facie case was established by the prosecutor's admission that race was a factor that he considered.

tend to get a lower score by virtue of their being black." (Resp't's Ex. 1 at R-36.) The prosecutor responded that they did not. In overruling Wallace's *Batson* objection, the trial judge necessarily found the prosecutor's explanation of his strikes to be credible. For these reasons, the district court concluded that the prosecutor in effect stated—and that the trial court in effect found—that the prosecutor would have exercised the same peremptory strikes even if he had not considered race. Albeit based on a reading of the trial transcript, the district court's finding is nonetheless a finding of fact that we review for clear error. *Spaziano,* 36 F.3d at 1032 (holding that district court's finding as to what state trial judge knew and did is a question of historical fact reviewed for clear error).

Our review of the record reveals that the district court's findings as to what the trial court asked and concluded are not clearly erroneous. Because the prosecutor would have exercised the peremptory strikes solely for race-neutral reasons, the district court correctly held, under dual-motivation analysis, that the State did not violate Wallace's equal protection rights under *Batson.*

## V. CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.