I concur with the majority opinion that McCray's conviction must be reversed and his case remanded for a new trial because race was the "motivating and deciding factor in the state's removal of at least one prospective black juror from the venire." 738 So.2d at 915. The majority goes on to state that "even if the state were to come forward with race-neutral explanations for its strikes against the black potential jurors on McCray's venire, the peremptory strikes would not be upheld, because the state also acknowledged that race was a factor in its exercise of those peremptory strikes." 738 So.2d at 915. This language was based on the Alabama Supreme Court's decision in Ex parte Sockwell,675 So.2d 38, 41 (Ala. 1995), cert. denied, 519 U.S. 838,117 S.Ct. 115, 136 L.Ed.2d 67 (1996), in which that Court held that a race-neutral reason given for a peremptory strike will not "cancel out" a race-based reason. While I recognize that this Court is bound by the Supreme Court's decision, I believe that the decision in Sockwell is incorrect.
In my opinion, the better practice is the "dual motivation analysis" used by a number of federal circuit courts, including the United States Court of Appeals for the Eleventh Circuit, to determine whether a peremptory strike for which both racial and race-neutral reasons are offered violates Batson.
 "[D]ual motivation analysis applies to Batson claims. Under dual motivation analysis, after the party raising the Batson claim has established a prima facie case that discrimination was a substantial part of the motivation for a strike, the party who exercised the strike may raise the affirmative defense that the strike would have been exercised solely for race-neutral reasons. Howard [v. Senkowski], 986 F.2d [24] at 30 [(2d Cir. 1993)]. The party accused of discrimination bears the burden of showing by a preponderance of the evidence that the strike would have been exercised in the absence of any discriminatory motivation. *Page 917 
[Jones v.] Plaster, 57 F.3d [417] at 421 [(4th Cir. 1995)]."
Wallace v. Morrison, 87 F.3d 1271, 1274-75 (11th Cir.), cert. denied, 519 U.S. 1044, 117 S.Ct. 616, 136 L.Ed.2d 540 (1996). See also United States v. Tokars, 95 F.3d 1520, 1533 (11th Cir. 1996), cert. denied, 520 U.S. 1132, 117 S.Ct. 1282, 137 L.Ed.2d 357, and520 U.S. 1151, 117 S.Ct. 1328, 137 L.Ed.2d 489 (1997); United Statesv. Darden, 70 F.3d 1507, 1530-32 (8th Cir. 1995), cert. denied,517 U.S. 1149, 116 S.Ct. 1449, 134 L.Ed.2d 569, and 518 U.S. 1026,116 S.Ct. 2567, 135 L.Ed.2d 1084 (1996); Jones v. Plaster, 57 F.3d 417,421-22 (4th Cir. 1995); Howard v. Senkowski, 986 F.2d 24, 27-31
(2nd Cir. 1993).
I urge the Supreme Court to revisit this issue, and to adopt in all future cases in which both racial and race-neutral reasons have been given for a party's use of a peremptory strike the "dual motivation analysis" used by the United States Court of Appeals for the Eleventh Circuit. *Page 918